[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 26, 2011
JOHN LEY
CLERK

No. 10-15638
Non-Argument Calendar
_____

D.C. Docket No. 2:10-cr-00197-AKK-JEO-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROTAVIUS LEMON MCCURDY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(August 26, 2011)

Before BARKETT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Rotavius Lemon McCurdy appeals his conviction for carrying a firearm

during and in relation to a drug trafficking offense, in violation of 18 U.S.C. §

924(c)(1)(A).  On appeal, McCurdy argues that the evidence at trial was insufficient to establish that he carried the firearm "in relation to" the underlying drug offense.  McCurdy stresses that he had applied for and received a concealed weapons permit prior to purchasing the gun, and he carried the firearm for protection because he had been robbed outside his own house and lived in a crime-ridden neighborhood.  He argues that the mere presence of a firearm, without some other purpose, is insufficient to fulfill the "in relation to" requirement of § 924(c)(1)(A).

We review *de novo* the sufficiency of the evidence, viewing the evidence in the light most favorable to the government.  *United States v. Emmanuel*, 565 F.3d 1324, 1333 (11th Cir. 2009), *cert. denied*, 130 S.Ct. 1032 (2009).  Whether the evidence is direct or only circumstantial, we will accept all reasonable inferences that tend to support the government's case.  *United States v. Williams*, 390 F.3d 1319, 1324 (11th Cir. 2004).  "A conviction must be upheld unless the jury could not have found the defendant guilty under any reasonable construction of the evidence."  *Emmanuel*, 565 F.3d at 1333 (quotation omitted).

Section 924(c)(1)(A) requires the government to "demonstrate that the defendant used or carried a firearm, during and in relation to a drug trafficking crime."  *United States v. Frye*, 402 F.3d 1123, 1128 (11th Cir. 2005).  "A

2

defendant carries a firearm if it is carried directly on his person or carried in his vehicle." *Id.* The phrase "in relation to" is meant expansively. *Smith v. United States*, 508 U.S. 223, 237, 113 S. Ct. 2050, 2058 (1993).

We have stated that "to prove the 'in relation to' requirement, the government must demonstrate that the firearm had some purpose or effect with respect to the drug trafficking crime; its presence or involvement cannot be the result of accident or coincidence." *Frye*, 402 F.3d at 1128 (quotation omitted). The "gun at least must facilitate, or have the potential of facilitating, the drug trafficking offense." *United States v. Timmons*, 283 F.3d 1246, 1251 (11th Cir. 2002) (quotation omitted). We have held that "[n]either the defendant's subjective intention for the weapon nor the alleged inadvertency of its presence" bears on the "in relation to" analysis. *Tannenbaum v. United States*, 148 F.3d 1262, 1264 (11th Cir. 1998) (holding that in order to convict a defendant for carrying a firearm in relation to a drug trafficking offense, it is necessary only to show that the defendant was "knowingly" carrying a gun when the drug transaction occurred, despite the defendant's claim that the loaded weapon was inadvertently in his waistband and he had no intention for the gun to be part of the drug transaction).

Viewing the evidence in the light most favorable to the government, there is sufficient evidence to show that McCurdy carried a firearm in relation to a drug

trafficking offense. The evidence at trial demonstrated that McCurdy carried the firearm while engaged in a drug transaction involving money and heroin; the weapon was loaded and contained a round in the chamber; and the weapon was located within easy reach, beneath his waistband. Although McCurdy may not have displayed the gun during the commission of the drug trafficking offense or announced its presence, we have determined that, under similar circumstances, a reasonable jury could infer that a concealed firearm is carried in relation to a drug crime and in violation of § 924(c). *See Tannenbaum*, 148 F.3d at 1264. The jury reasonably found that McCurdy carried the gun "in relation to" his heroin sales pursuant to § 924(c), because the weapon had the potential of facilitating the underlying drug offense. Accordingly, we affirm.

**AFFIRMED.**[1]

---

[1] McCurdy's request for oral argument is denied.